Samuel H. Hofstadter, J.
Petitioner applies, pursuant to article 78 of the Civil Practice Act, for an order directing respondent, a City Magistrate, to make the return to petitioner’s notice of appeal from a . judgment of respondent, as required by section 46 of the Hew York City Criminal Courts Act.
This statute in its pertinent part requires the Magistrate, whose judgment is being appealed from, within 10 days after service of the notice of appeal to ‘ ‘ make or cause to be made a return to all the matters specified as grounds of .error in the notice of appeal, to which return there shall be annexed copies of * * * the stenographic minutes of the proceedings.”
Respondent’s opposing papers assert, as the principal reason for his not making the return, the fact that he has not been supplied with the full minutes of the proceedings involved and is thereby prevented from making a proper return. He concedes that he has received a copy of the stenographic minutes of the trial itself but contends that these do not constitute the whole minutes of the proceeding since there were other minutes taken in this case, upon prior days, of colloquies between petitioner and respondent, relative to adjournments, obtaining of counsel, the opportunity to secure witnesses and preparation for trial which bear upon the issues raised by the notice of appeal as *126 filed. In support of this claim the affidavit of the legal secretary to the Chief Magistrate points out that one of the claimed errors set forth in the notice of appeal is that 4 ‘ Respondent refused and denied petitioner the adjournment or opportunity to prepare his defense, secure counsel and obtain witnesses;”.
The return required by section 46 of the New York City Criminal Courts Act, by the language of that statute, must be made as to “ all the matters specified as grounds of error in the notice of appeal ”. Accordingly any proceedings between petitioner and respondent pertaining to such matters, wherein stenographic minutes were taken, are pertinent to the return and necessary to enable the Magistrate to make a proper return. When the statute requires the annexing of “ stenographic minutes of the proceedings ’ ’ to the return it obviously intends that such minutes should be complete as to all phases of the proceeding which are pertinent to the grounds urged as the basis for the appeal.
Pursuant to section 168 of the New York City Criminal Courts Act it is the obligation of the appellant (the petitioner) to pay for the required stenographic minutes and necessarily therefore to supply them for the use of the Magistrate in preparing his return. Consequently it is incumbent upon him to make available to the Magistrate the full stenographic minutes of all the proceedings. It further appears that the Chief Magistrate’s office, prior to the institution of this proceeding, by letter, requested that petitioner supply the minutes of the proceedings in addition to those of the trial, for the purpose of preparing the return. This was not done.
Having failed to supply the full stenographic minutes of the entire proceedings which pertain to the grounds of error specified in the notice of appeal, petitioner has, in effect, prevented the respondent from making a proper return as contemplated by section 46. Accordingly the petition is dismissed, without prejudice to a renewal thereof upon papers which show that petitioner has served upon respondent the full stenographic minutes of the proceedings in this case including all proceedings prior to the date of trial before respondent, wherein stenographic minutes were taken, relating to any of the grounds for reversal specified in the notice of appeal.
Settle order.